UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | ) | |
|---|---|---|
| IN THE MATTER OF THE EXTRADITION | ) | |
| OF MARIANNE SMYTH | ) | 1:24-mc-00084-JCN |
| | ) | |

## ORDER ON REQUEST FOR RELEASE

The Government seeks the extradition of Marianne Smyth to the United Kingdom on several charges pending in the United Kingdom based on Ms. Smyth's actions in the United Kingdom from 2008 to 2010. Ms. Smyth seeks her release on bail while awaiting an extradition hearing. On February 29, 2024, the Court conducted a hearing on Ms. Smyth's request and the Government's request for detention.

After consideration of the record and the parties' arguments, the Court orders that Ms. Smyth shall be detained pending the extradition hearing.

### DISCUSSION

Because extradition proceedings are not criminal proceedings, the Bail Reform Act does not govern the Court's assessment of whether Ms. Smyth is to be released while awaiting the extradition hearing. *In the Matter of the Extradition of David Kenneth Drumm*, 150 F. Supp. 3d 92, 94 (D. Mass. 2015) (citations omitted). Rather, "[t]here is a presumption against bail in extradition cases and only 'special circumstances' justify release on bail." *U.S. v. Kin-Hong*, 83 F.3d 523, 524 (1st Cir. 1996) (collecting cases). "[A] person subject to international extradition may overcome the presumption against bail by presenting clear and convincing evidence demonstrating special circumstances justifying release pending extradition proceedings. In addition, [the person] must show by

clear and convincing evidence that [he or she is] neither a risk of flight nor a danger to any person or the community." *U.S. v. Castaneda-Castillo*, 739 F. Supp. 2d 49, 55 (D. Mass. 2010) (citations and internal quotation marks omitted).

On the day of the bail hearing, Ms. Smyth moved for the Court to direct the Office of Probation and Pretrial Services to interview Ms. Smyth regarding the issues relevant to flight risk and danger. Because the interview could not practically be conducted before the bail hearing, the Court deferred ruling on the motion and proceeded to hearing noting that if the Court found special circumstances, the Court would consider the motion and, regardless of the decision on the motion, permit the parties to present additional evidence on the issue of flight risk/danger to the community.[1] *See In the Matter of the Extradition of Michael L. Taylor*, 471 F. Supp. 3d 389, 394 (D. Mass. 2020) ("Special circumstances and flight risk/danger are both prerequisites to bail in an extradition case and a court logically can address either prong first.").

"Special circumstances are limited to situations in which the justification for release is pressing as well as plain." *Kin-Hong*, 83 F.3d at 524 (citations and internal quotation marks omitted). As special circumstances, Ms. Smyth cites the length of time between the alleged conduct underlying the charges in the United Kingdom (2008 – 2010) and the time the charges were filed (2021), the time between the filing of the charges in 2021 and the time the extradition proceedings were initiated in 2024, that she is not a fugitive in that she

---

[1] During the hearing, the Court did not limit the scope of the evidence and expressly advised the parties they could present evidence and argument on the flight risk/danger issue as well as on special circumstances.

did not flee the United Kingdom with charges pending, and that she has been living openly, with no attempt to conceal her identity, in Maine since 2020. Ms. Smyth argues that her situation compares favorably to the facts in the case of *In the Matter of the Extradition of Sotitrios Pappas*, No. 23 CR 515, 2023 WL 7220053 (N.D. Ill. Nov. 2, 2023), where the court granted bail.

While some facts in *Pappas* might be similar to the facts in this case, the facts in this case differ in some notable ways. In *Pappas*, the court found that Mr. Pappas' "prior history living openly while complying and participating in the Greek legal process combined with his extremely remote risk of flight to be a factor in the finding of 'special circumstances.'" *In the Matter of the Extradition of Pappas*, 2023 WL 7220053, at *6. Here, Ms. Smyth has not participated in any formal proceedings in the United Kingdom and though she has used her name while living in Maine, she engaged in some business activity using a different name. In addition, the court in *Pappas* cited "unusual occurrences" in the criminal proceeding in Greece as further support for a finding of special circumstances. *Id.* On the current record, the Court discerns no unusual circumstances in this case.

In any event, the court's analysis in *Pappas* is not binding on this Court. "[T]he analysis of bail requests in extradition cases is fact specific but the overarching theme is that bail is appropriate only where the defendant's circumstances are extraordinary and will subject the defendant to difficulties beyond those applicable to all defendants facing extradition." *In re Extradition of Drumm*, 150 F. Supp. 3d at 96 (citations and internal

3

quotation marks omitted).  Although the length of time between the alleged conduct and the commencement of the proceedings in the United Kingdom might generate issues relevant to Ms. Smyth's defense of the charges, the length of time does not constitute the special circumstances required for bail in this case.  There can be understandable reasons (e.g., challenges in an investigation) for a lengthy period between the time of alleged conduct and the commencement of a prosecution and for more time between commencement and the assertion of a request for extradition.  Plaintiff, who has the burden to establish that special circumstances exist, has not presented sufficient evidence from which the Court could conclude that the time issues she cites are the product of the United Kingdom's disinterest in the prosecution, generate questions about the legitimacy of the prosecution, or otherwise constitute special circumstances.

In sum, the record in this case does not support a finding that Ms. Smyth's circumstances are "extraordinary"[2] or "pressing as well as plain."[3] In other words, Ms. Smyth has not established by clear and convincing evidence the special circumstances necessary to secure her release on bail.[4]

---

[2] *In re Extradition of Drumm*, 150 F. Supp. 3d at 96.

[3] *Kin-Hong*, 83 F.3d at 524.

[4] Because the Court has concluded that special circumstances have not been established, the Court does not address the risk of flight/danger factors. The Court, therefore, denies as moot Ms. Smyth's motion for bail interview. (Motion, ECF No. 16.)

## CONCLUSION

Based on the foregoing analysis, the Court denies Ms. Smyth's request for bail and grants the Government's request for detention (ECF No. 6).  Ms. Smyth shall be detained pending the extradition hearing.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

>/s/ John C. Nivison
>U.S. Magistrate Judge

Dated this 7th day of March, 2024.