UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN THE MATTER OF THE EXTRADITION OF

MARIANNE SMYTH

Misc. No. 1:24-mc-00084-JCN

**GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF EXTRADITION**

The United States of America, by and through its attorneys, Darcie N. McElwee, United States Attorney, and Joel B. Casey, Assistant United States Attorney, submits this reply memorandum in support of the extradition of Marianne Smyth to the United Kingdom to stand trial for four counts of fraud by abuse of position, in violation of Sections 1 and 4 of the United Kingdom's Fraud Act of 2006, and four counts of theft in violation of Section 1 of Northern Ireland's Theft Act of 1969.

As set forth in the Government's memorandum of law, in order for the Court to certify the extradition of Marianne Smyth to the Secretary of State, the following requirements must be met: (1) the judicial officer is authorized to conduct the extradition proceeding; (2) the Court has jurisdiction over the fugitive; (3) the applicable extradition treaty is in full force and effect[1]; (4) the crimes for which

---

[1] During a conference with the Court prior to the detention hearing in this case, counsel for Ms. Smyth observed that the 2004 extradition treaty in question is between the European Union and the United States and that the United Kingdom left the European Union in 2020. Counsel questioned whether the treaty remains in full force and effect as to the United Kingdom. Following the hearing the Government provided counsel with a copy of *Matter of Extradition of Benjamin,* 566 F. Supp. 3d 1324, 1329-1330 (S.D.Fla 2021), where the Court rejected an argument that the 2004 treaty was not in full effect between the United States and the United Kingdom in 2021, following the latter's departure from the European Union. The Government also provided defense counsel with a copy of the declaration of the Attorney Adviser, U.S. Department of State, Office of the Legal Adviser upon which the court in *Benjamin* relied, and in which the State Department explained the treaty is still in full force and effect. *Id.* at 1330. While Ms. Smyth previously questioned the effectiveness of the Treaty, it is apparent that she now is satisfied that the 2004 Treaty remains in effect. Indeed, the Executive Branch recognizes that the 2004 treaty remains in effect and, as such, the Court should defer to that assessment. *Id.*

1

surrender is requested are covered by the treaty; and (5) there is sufficient evidence to support a finding of probable cause as to the charge. Dkt. No. 15 at 12. The Government's memorandum set forth in detail how each of the requirements were met. In her response, Ms. Smyth only disputes the fifth requirement, arguing "there is not probable cause to believe [Ms. Smyth] committed the alleged offenses." Dkt. No. 22 at 1.

The Government stands by its summary of the evidence against Ms. Smyth offered in its memorandum, *see* Dkt. No. 15 at 3-8 (Memorandum in Support of Extradition), and its argument that the evidence supports a finding of probable cause to believe that she committed the offenses for which the United Kingdom seeks extradition, *id.* at 18-21. At the hearing, the Government will submit into evidence the U.K.'s extradition request and will rely upon that and the summary and argument in its Memorandum in Support of Extradition. *See generally* Dkt. No. 3-1; Dkt No. 15.

Based on the foregoing, and all the reasons previously argued, the Government respectfully requests that the Court certify Ms. Smyth's extradition to the United Kingdom for the Secretary of State's surrender decision. If the Court decides to certify, the Government offers the attached proposed Certification and Committal Order.[2]

Dated at Bangor this 10th day of April 2024.

                                          Respectfully submitted,

                                          DARCIE N. MCELWEE
                                          United States Attorney

                                          /s/Joel B. Casey
                                          JOEL B. CASEY
                                          Assistant U.S. Attorney

---

[2] The proposed Order was drafted using a template Order, which has been reviewed by the U.S. Department of State.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, I electronically filed the Government's Reply Memorandum of Law in Support of Extradition with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Kaylee J. Folster, Esq.
kjf@vbk.com

                                      DARCIE N. MCELWEE
                                      United States Attorney

                                      /s/Joel B. Casey
                                      Assistant U.S. Attorney
                                      United States Attorney's Office
                                      202 Harlow Street, Suite 111
                                      Bangor, ME 04401
                                      (207) 945-0373